STATE *ex. rel.* JOSEPH LUSK *v.* JOHN Z. FALLS and others.

Where one who had been arrested under a *capias ad respondendum*, escaped from the sheriff, and the latter by his return negatived any idea that he intended to become special bail for the party escaped, *held*, that the sheriff and his sureties were liable upon his official bond for such escape, and that the measure of damages, was, *not* the debt and interest, but such *actual* damages as the plaintiff had sustained.

DEBT upon a sheriff's bond, tried before LITTLE, J., at Spring Term 1868 of the Superior Court of GASTON.

The breach assigned was the escape of one Hunt, who had been arrested by the sheriff under a *capias ad respondendum* in an action of debt. The arrest was made upon the 18th of October 1866, and the *return* was "The defendant arrested, signed the appearance bond, refused to give surety, and made his escape by jumping on his horse, and *running*, there being no one present to assist."

Evidence was given that when arrested, Hunt was in possession of personal property of considerable value, although not enough to cover the debt.

Upon these facts the plaintiff submitted that he was entitled to recover, and that the proper measure of damages was the amount of his debt and interest.

The defendants, on the contrary, submitted that the plaintiff was not entitled to recover at all; or that the sheriff was liable only as special bail; or that the measure of damages was only the value of the property in the possession of the defendant when arrested. They also relied upon the effect of the Act abolishing imprisonment for debt.

His Honor instructed the jury that the measure of damages was the amount of the debt and interest; and, by consent, there was a verdict for the plaintiff, subject to the opinion of the Court upon the question reserved as to the right of the plaintiff to recover at all.

Afterwards the verdict was set aside, and a judgment of non-suit entered. Thereupon both parties appealed.

*Bragg*, for the plaintiff.

The escape here was negligent. Seawell on Sheriffs, 440, *Adams* v. *Turrentine*, 8 Ired, 150 (at p. 161.)

*Case* lies for escape on mesne process, at common law, :and the plaintiff recovers *actual* damages. Seawell, 448–9. His return of *cepi corpus* is enough to charge him. A return ·of *escape* does not render the sheriff special bail, *Tuton* v. *Sheriff of Wake*, 1 Hay. 485, *Hart* v. *Lanier*, 3 Hawks, 244.

The Sheriff is liable here upon his bond, and the measure ·of damages is the actual damage, as in *case* at common law, *Willey* v. *Eure*, 8 Jon. 320.

*Merrimon, contra.*

DICK J.　At common law, a sheriff who had a person in :actual custody under legal authority, and suffered him to go .at large, was guilty of an escape; and in civil cases, the only remedy for the injured was an action on the case. Various ·statutes have increased the remedies of the party injured, and changed, in some respects, the liability· of the sheriff.

The action on the case, and the action of debt given by the :statutes of 13 Edw. 1, and 1 Rich. 2 (Rev. Code, ch. 105. § 20,) for either a voluntary or negligent escape on final pro- ·cess, lay against the sheriff alone, and did not reach the sure- ties on his official bond. In such cases the action of debt is ·usually resorted to, as it enables the party injured to recover the whole of his debt, and damages for detaining the same. ·This action will not lie for an escape on *mesne process*. In such cases there are two remedies: the action on the case at common law, and an action of debt against the sheriff and his sureties, on his official bond, assigning breaches under the .statute 8 and 9 Will. 3 (Rev. Code, ch. 31, § 58). In these :actions the plaintiff can only recover such damages as a jury, under all the evidence, may see proper to assess. If the sheriff arrests a person on *mesne process*, and before commitment to prison, allows him to go at large, this is not an escape, but the :sheriff is liable as special bail. If the person after such arrest

get at large, by the negligence of the sheriff, and against his will, he may by his return elect to become special bail, but, if the return shows that he does not choose to become special bail, he must be proceeded against for an escape, by one of the actions last above designated. These positions are sustained by the cases referred to in Battle's Digest 1085, and in the briefs of the counsel.

In the case before us, the plaintiff, Lusk, had caused a *capias ad respondendum* to be issued against Hunt, to recover a large debt. The writ was placed in the hands of a deputy of the defendant, Falls, sheriff of Cleaveland County.

The deputy under the process arrested Hunt, who failed to give a bail-bond, and escaped from the deputy. The facts set forth in the return of said writ, negative the idea that the sheriff intended to be bound as special bail. This action was brought against Falls and his sureties, on his official bond, and this negligent escape of Hunt is assigned as a breach of the condition of said bond. Upon the trial in the Court below, his Honor instructed the jury, that the plaintiff was entitled to recover the whole amount of his debt and interest, and not the actual damages sustained, and there was a verdict in accordance with such instructions. Upon a question of law reserved, his Honor held that the action could not be maintained, and the plaintiff was non-suited.

His Honor was in error upon both questions. We are of the opinion that the plaintiff can maintain his action, but he is only entitled to recover the actual damages sustained. We decline to express our opinion upon the question raised upon the trial, and argued in this Court, as to the effect of the act of the General Assembly, abolishing imprisonment for debt; as it is not properly before us for adjudication.

As both parties appealed, and there is error against both, each party must pay costs in this Court. The judgment is reversed, and a *venire de novo* awarded.

PER CURIAM.                                    *Venire de novo.*